# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ASHLEY CHERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-1285-G |
| | ) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Ashley Cherry initiated this action in the District Court of Oklahoma County, bringing a claim for breach of contract under Oklahoma law against Defendant State Farm Fire and Casualty Company. *See* Pet. (Doc. No. 1-1). On December 9, 2024, Defendant removed the case to this Court on the basis of federal diversity jurisdiction. *See* Notice of Removal (Doc. No. 1).

On December 11, 2024, Plaintiff filed a Motion to Remand (Doc. No. 6). Defendant has not responded to the motion within the time allowed by local rule.

### I.     *Federal Diversity Jurisdiction*

A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts

are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). As relevant here, when removal is premised upon the existence of § 1332(a) diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2).

II.   *Plaintiff's Motion to Remand*

Plaintiff argues that this case should be remanded back to state court because Defendant has failed to establish that the amount-in-controversy requirement has been met. *See* Pl.'s Mot. to Remand at 3-6; 28 U.S.C. § § 1447(c); *see also Penteco Corp.*, 929 F.2d at 1521; *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) ("[A] defendant must prove facts in support of the amount in controversy by a 'preponderance of the evidence.'").

In support, Plaintiff recites her pleading allegations, e.g.:

- "Plaintiff asserts and alleges Defendant has breached the Contract by failing to pay her the amounts needed to repair/replace the covered accidental direct physical loss to her property in an amount of no less than $22,118.66.";

- "Plaintiff asserts and alleges that in addition to the damages listed above, she is entitled to recovery of consequential damages" and "to recovery of interest, attorney fees, and costs as permitted and/or mandated by Oklahoma law."; and

- "The total amount of damages/relief sought by Plaintiff[] does not exceed the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code."

Pet. ¶¶ 17, 19-21. Plaintiff further argues that Defendant's removal arguments as to how the amount in controversy could possibly exceed $75,000 are both speculative and unrealistic. *See* Pl.'s Mot. to Remand at 4.

As noted, Defendant offers no opposition to Plaintiff's assertions or her remand request. Having considered "the sum demanded in good faith" and the remainder of the record, the Court finds that it has not been shown that the amount in controversy meets the jurisdictional threshold of $75,000. 28 U.S.C. § 1446(c)(2); *see id.* § 1332(a). Nor does Plaintiff's state-law claim evince any other basis for this Court's exercise of jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 6) is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 15th day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge