# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ASHLEY CHERRY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-1285-G |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Ashley Cherry initiated this action in the District Court of Oklahoma County, bringing a claim for breach of contract under Oklahoma law against Defendant State Farm Fire and Casualty Company. *See* Pet. (Doc. No. 1-1). On December 9, 2024, Defendant removed the case to this Court on the basis of federal diversity jurisdiction.

On December 11, 2024, Plaintiff filed a Motion to Remand (Doc. No. 6). On January 15, 2025, the Court—noting that no response had been filed and considering the record presented, including in particular Plaintiff's express allegations regarding the amount in controversy—granted Plaintiff's Motion. Accordingly, the matter was remanded to the District Court of Oklahoma County, Oklahoma.

Now before the Court is Defendant's unopposed Motion to Vacate (Doc. No. 9). Defendant states—and the Court has confirmed—that on January 2, 2025, which was the deadline for Defendant to respond to Plaintiff's Motion to Remand, counsel for Defendant had sent an email to chambers staff advising that a settlement had been reached and requesting that an administrative closing order ("ACO") be entered. *See id.* Neither party

contacted the Court between January 2 and January 15, 2025, to ask about the absence of an ACO. Citing Federal Rule of Civil Procedure 60(a) and (b), Defendant now requests that the Court vacate the January 15, 2025 Order of Remand. *See id.*

While regretful of the circumstances, the Court cannot grant the relief requested. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(c). Federal appellate courts and fellow district courts within the Tenth Circuit consistently hold that this statute prevents them from vacating or reconsidering their orders to remand. *Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1251-53 (D.N.M. 2011) (citing cases); *see, e.g.*, *In re La Providencia Dev. Corp.*, 406 F.2d 251, 253 (1st Cir. 1969) ("[N]othing could be more inclusive than the phrase 'on appeal or otherwise.' The district court has one shot, right or wrong."). Accordingly, the Court is constrained to deny relief.

## CONCLUSION

Defendant's Motion to Vacate (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 27th day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge